IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PERALTA-QUINTANA,  )<br>                                                           )<br>                     Petitioner,        )<br>                                                           )<br>             v.                                          )<br>                                                           )<br>UNITED STATES OF AMERICA,      )<br>                                                           )<br>                     Respondent.      )<br>_____) | CCR F 09 – 0027 AWI<br><br>ORDER DIRECTING PETITIONER TO CLARIFY PLEADING AND FILE WAIVER OF ATTORNEY-CLIENT PRIVILEGE<br><br>(28 U.S.C. § 2255)<br><br>Document No. 15 |

On February 16, 2010, petitioner Francisco Peralta-Quintana ("Petitioner") filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion"). Petitioner was convicted by plea of guilty of one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2) on May 26, 2009, and was sentenced at the same proceeding to a 37-month term of imprisonment. Judgment was entered on May 29, 2009. The instant 2255Motion was timely filed on February 16, 2010.

**FACTUAL BACKGROUND**

A "Pre-Plea Advisory Guideline Presentence Investigation Report" ("PIR") was prepared in advance of Petitioner's change of plea and sentencing hearing. The PIR indicated a total offense level of 21, which included a three-level reduction for acceptance of responsibility, and a criminal history category of IV. The PIR indicated that the guideline range for an offense level

of 21 and criminal history category of IV is 57 to 71 months.  At sentencing the government recommended an additional four-level downward adjustment for "early disposition" of Petitioner's case pursuant to U.S.S.G § 5K3.1.  Pursuant to the government's recommendation, the court sentenced Petitioner to a term of imprisonment of 37 months, which represents the low end of the guideline range for an offense level of 17 and a criminal history category of IV.

Among other agreements set forth in the Plea agreement, Petitioner agreed "not to move for a downward departure or reduction of his sentence beyond the four (4) level departure agreed to by the government under this plea agreement pursuant to U.S.S.G. § 5K3.1.  The [Petitioner] understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history category, or criminal history points as defined by the United states Sentencing Guidelines."  Doc. # 12 at 3:2-9.  In addition, Petitioner agreed to waive all constitutional and statutory rights to appeal, including the right to direct appeal and the right to "attack collaterally his mental competence and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise.  Id. at 3:17-24.  Of some significance, Petitioner also agreed that if he "ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the following rights: (1) to prosecute the [Petitioner] on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement."  Id. at 3:24 - 4:2.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under

that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Petitioner's 2255 Motion alleges four grounds for relief.  All are somewhat difficult to understand, but the second and third grounds appear to allege various aspects of the same general claim that Petitioner's attorney provided ineffective assistance because he did not oppose the sentence recommended by the government or contained in the plea agreement at the time of sentencing.  Petitioner's first and fourth grounds for relief are more ambiguously worded but seem to indicate that Petitioner may be alleging that his attorney refused to file a notice of direct appeal although he was asked to do so.  The court will consider first Petitioner's second and third grounds for relief.

**I. Petitioner's Second and Third Grounds for Relief**

Petitioner's second ground for relief states "The Defendant argue from the sentence with his lawyer asking the lawyer to try to get less time." Doc. # 15 at 5.  Petitioner's supporting facts for this allegation indicate that he was disappointed that his attorney did not argue for a lesser sentence at sentencing and believed that he might have received a lesser sentence if his attorney had asked for less time.  Likewise, Petitioner's third ground for relief reflects Petitioner's evident opinion that his attorney's representation was less than professional because the attorney should

at least have "put up [a] fight at the time of sentence." Doc. # 15 at 7.

The court construes Petitioner's second and third grounds for relief as alleging ineffective assistance of counsel based on the allegation that Petitioner's attorney did not argue for a shorter sentence at the time of sentencing. Having thus construed Petitioner's second and third grounds for relief, it is clear that the court lacks jurisdiction over these claims. Petitioner's plea agreement comprehensively waives the right to challenge the length of his sentence in any post-conviction proceeding including any habeas petition, and there is no allegation that Petitioner did not understand that he was waiving rights to direct appeal and to collaterally challenge his sentence. See United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005) (waiver of the right to appeal or to collaterally attack a conviction or sentence is enforceable if "(1) the language of the waiver encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made"). However, the court believes that providing Petitioner some additional explanation of why he did not suffer ineffective assistance of counsel might aid in Petitioner's understanding of his rights and responsibilities regarding his plea agreement and might help forestall future pointless pleadings.

Pursuant to United States v. Booker, 543 U.S. 220 (2005), district courts must impose a sentence that is reasonable in light of the guideline range set forth in the United States Sentencing Guidelines and the factors set forth at 18 U.S.C. § 3553(a). United States v. Plouffe, 445 F.3d 1126, 1131 (9th Cir. 2006). The PIR prepared in advance of Petitioner's change of plea and sentencing hearing took the required factors into consideration and determined that a reasonable sentence, considering the nature and circumstances of Petitioner's offense and his criminal history and the other factors required by section 3553(a), was 57 months. Given that a term of imprisonment of 57 months represents the bottom end of the applicable guideline range, Petitioner is not entitled to any lesser sentence unless he can show that consideration of some factor would make a lesser sentence reasonable. As it happened in Petitioner's case, his attorney was able to bargain for a further 4-level reduction of Petitioner's offense level so that the

sentence actually imposed was twenty months or nearly two years less than it otherwise would have been. Petitioner qualified for this reduction by, among other things, agreeing not to contest his sentence or to argue at sentencing for a term of imprisonment that was any less than the 37 month term agreed to by the government.

Petitioner's factual allegations and arguments offer absolutely no basis for any finding that Petitioner had any reasonable expectation for a lesser sentence than the one he received. Petitioner seems to be under the impression that a lesser sentence might have been granted if his attorney had argued for one. This is simply not the case. Because the court is bound to establish a reasonable sentence, the court must have a substantial reason for departure either upward or downward from what the guidelines and the factors set forth in 18 U.S.C. § 3553(a) would otherwise indicate. Petitioner has not made the court aware of anything that his attorney could have argued at sentencing that would have made any difference, nor can the court imagine any factor Petitioner's attorney could have argued that would have produced a better result than the 4-level downward departure Petitioner received by agreeing not to contest his sentence.

What Petitioner's attorney did do was to secure for Petitioner the 4-level downward departure that was available by bargaining for a rapid disposition of Petitioner's case. To obtain this downward departure, Petitioner promised not to contest the sentence recommended by the government at the time of sentencing. Nothing in Petitioner's attorney's efforts on Petitioner's behalf gives even the hint of substandard performance, let alone constitutionally deficient performance. To the extent Petitioner is disappointed by the fact he was told by his attorney that any argument at sentencing would result in a longer sentence, Petitioner should recognize that his attorney was faithfully representing to Petitioner the contents of his plea agreement. An attorney does not provide ineffective representation by telling his client the truth.

**II. Petitioner's First and Fourth Grounds for Relief**

Petitioner's first ground for relief alleges, "[Petitioner] complain the defense from his lawyer was negative and didn't want to appeal his case." Petitioner explains in his "supporting

facts" that "[Petitioner] asked his lawyer regardless [for] a direct appeal but the lawyer did not agree with the [Petitioner] to that which it could be giving less time or it will make some type [of] difference [in] his sentence." Doc. # 15 at 4 (spelling and some grammatik corrections added).  Petitioner's fourth ground for relief somewhat more directly alleges, "the [Petitioner] ask his lawyer to appeal his sentence [but] the lawyer say no; if [Petitioner were to] appeal he will get more time." Doc. # 15 at 8.  Under supporting facts for ground four, Petitioner alleged:

> The [Petitioner] ask to his lawyer to help him to file a direct appeal at the earliest convenience for the lawyer, but the lawyer told [Petitioner] that [Petitioner] didn't have enough ground to support his petition.  If anything, the [Petitioner] was going to get more time if [he gave] the judge extra work.

Doc. # 15 at 8.

The court has read Petitioners first and fourth grounds for relief and cannot tell whether; (1) Petitioner asked his attorney to file a notice of direct appeal and his attorney refused to file the notice after explaining that such an appeal would not result in a lesser sentence, or (2) whether Petitioner talked to attorney concerning the prospects on direct appeal and was talked out of filing a direct appeal because his attorney told him the appeal would not result in a lesser sentence.  The basic question is whether a reasonable attorney would have understood on the basis of the conversation that took place between the attorney and Petitioner that Petitioner was directing the attorney to file a notice of direct appeal regardless of the futility of such an appeal, or whether the attorney reasonably believed Petitioner had abandoned the idea of a direct appeal after learning that he had waived the right to appeal in exchange for a lesser sentence already. The difference between the two is important.

If Petitioner's attorney reasonably believed that Petitioner had abandoned the idea of filing a direct appeal upon being told that such an appeal would not result in a lesser sentence, then the attorney's performance is not deficient in any way.  First, Petitioner did comprehensively waive any right to direct appeal; second, so far as the court can tell from Petitioner's allegations in the 2255 Motion there is absolutely no factual or legal basis for appeal; and third, under the plea agreement, it is in fact possible that Petitioner could be subjected to a longer sentence if he

did appeal. As noted above, an attorney does not render ineffective assistance to his client by telling the truth.

On the other hand, if a reasonable attorney in the position of Petitioner's attorney would have understood that Petitioner had expressed a desire to file a direct appeal regardless of its futility and regardless of the possible negative consequences, then the court must find that Petitioner received ineffective assistance of counsel and must grant relief by vacating and reentering judgment so that Petitioner can file a notice of direct appeal. Courts, including the Supreme Court, have long held that a lawyer who fails to file a notice of appeal when his client specifically requests that an appeal be filed "acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (hereinafter "Flores-Ortega").

Prior to Flores-Ortega the Ninth Circuit had established a bright-line rule that counsel's performance was deficient as a matter of law where a notice of appeal was not filed unless there was specific instruction from the defendant not to file an appeal. Id. at 478; United States v. Stearns, 68 F.3d 328, 329-330 (9th Cir. 1995); Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir. 1992). The decision in Flores-Ortega moderated the bright-line approach of Stearns and Lozada by removing the presumption of prejudice in the case where there is no affirmative direction by the defendant to not file an appeal, and replaced that presumption with an inquiry that asks whether, in the case where there was no clear direction by the defendant to not file an appeal, there would have been a reasonable probability that an appeal would have been requested. See Flores-Ortega, 528 U.S. at 484 ("to show prejudice in [the circumstance where there is no clear evidence for request for appeal] a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed").

The fact that Petitioner affirmatively waived the right to direct appeal does not change the analytical framework set forth in Flores-Ortega. In United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), the Ninth Circuit examined a habeas corpus petition that alleged ineffective

7

assistance of counsel based on the refusal of counsel to file a notice of appeal following execution of a plea agreement that waived the right of appeal in exchange for substantial benefit. See id. at 1194-1195. The Sandoval-Lopez court noted that the trial court should have conducted an evidentiary hearing to assess the truthfulness of the petitioner's claim that he had actually requested his attorney file a notice of appeal. Id. at 1196. In the absence of such a hearing, however, the court applied the framework in Flores-Ortega without consideration of the effect of the waiver and came to the conclusion that an evidentiary hearing was necessary to determine the truthfulness of the petitioner's claim. The Sandoval-Lopez court further held that, if it was found that a request for appeal was unequivocally made by the petitioner and refused by petitioner's attorney, the prejudicially deficient representation is to be presumed and the district court is bound by case authority to "vacate and reenter the judgment, allowing the appeal to proceed." Id. at 1198.

The court lacks information necessary to make a determination as to whether Petitioner's attorney failed to file a notice of direct appeal of his sentence. Beyond that, however, the court finds that it is unable to decipher Petitioner's pleading to determine whether Petitioner is actually alleging his attorney failed to file a notice of appeal or whether he is alleging his attorney improperly dissuaded Petitioner from filing an appeal. Before the court can proceed, Petitioner must clarify the grounds for his claims for relief. The court takes Petitioner at his word when Petitioner claims to be unschooled in law and that he could not know whether he had grounds for appeal. The court will order that Petitioner clarify his intentions with regard to his first and fourth grounds for relief, but also takes the somewhat unusual step of explaining Petitioner's prospects should he proceed forward with his 2255 Motion in terms that are as plain as the court can make them. Specifically, Petitioner is advised to take into consideration the following:

- Petitioner agreed in his plea agreement to not bring a direct appeal and received a considerable benefit in the form of a substantial reduction in his sentence. In light of the plea agreement and the benefit Petitioner received, the appellate court will almost

certainly honor the plea agreement and will refuse to consider any appeal by Petitioner.
- Even if the Ninth Circuit Court of Appeals were to agree to consider Petitioner's appeal, there are absolutely no facts the court is aware of that would entitle Petitioner to a lesser sentence. Petitioner cannot receive a lesser sentence just because he asks for one.
- In his plea agreement, Petitioner agreed that the government would have the right "to prosecute the [Petitioner] on any count to which he pleaded guilty" should he ever appeal his sentence. Should Petitioner decide to appeal his sentence and should the sentence eventually be vacated, Petitioner would be subject to prosecution by the Government on the same charge and, if convicted, would be subject to a substantially longer term of imprisonment than he received.

With those facts in mind, Petitioner is hereby ORDERED to file a statement with the court clarifying his first and fourth grounds for relief by stating whether or not he specifically ordered his attorney to file a notice of direct appeal even though Petitioner was counseled against filing an appeal. If no statement is received from Petitioner within twenty-one (21) days of the date of this order, Petitioner's 2255 Motion will be dismissed without further discussion. If Petitioner files a statement that states that he unequivocally ordered his attorney to file a notice of appeal and his attorney did not obey the order, the court will deem Petitioner to have waived attorney-client privilege for the limited purpose of ordering Petitioner's attorney to file a statement concerning his or her recollection of the conversations that transpired between Petitioner and his attorney.

IT IS SO ORDERED.

Dated:   November 16, 2010                                          /s/ signature
                                                            CHIEF UNITED STATES DISTRICT JUDGE